[No. 10,183.]

## THE PEOPLE *v.* WILLIAM CLOONAN.

CORROBORATING EVIDENCE.—The evidence which is necessary, under section 1111 of the Penal Code, to corroborate the testimony of an accomplice in order to secure a conviction, need not be evidence tending to establish the precise facts testified to by the accomplice.

APPEAL from the Municipal Criminal Court of the City and County of San Francisco.

The defendant was indicted for the crime of burglary, alleged to have been committed by breaking into Snow & May's picture-gallery in the night-time, with the intent of committing larceny therein. The larceny charged was stealing a picture by Rosenthal called "Elaine." Two of the persons indicted for the offense were examined, and one of them, Wallace, testified that he and defendant agreed to take part in the burglary and larceny, and waited on the corner of the street to see if the police came along, and to notify the others who had raised the window and gone into the building to get the picture. Police-officers Marsh and Williams testified that they passed Snow & May's picture-gallery about 12 o'clock at night, and saw two men standing there, and one of them, Williams, identified the defendant as being one of the persons.

The defendant was convicted, and appealed.

*C. B. Darwin*, for the Appellant, argued that the testimony of the accomplice was not corroborated.

*George A. Blanchard*, for the Respondent, argued that the corroboration, even if slight, was sufficient, and cited Best

on Evidence, page 243, Sec. 171; *People* v. *Melvane,* 39 Cal. 614; *State* v. *Schlagel,* 19 Iowa, 169; and *Nolan* v. *The State,* 19 Ohio, 131.

By the COURT:

The evidence, "which of itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense," and which, by section 1111 of the Penal Code, is made necessary to corroborate the testimony of an accomplice, need not be evidence tending to establish the precise facts testified to by the accomplice. It is sufficient if it tends to connect the defendant with the commission of the offense.

There was certainly evidence tending to show that the building was entered and the larceny committed in the night-time, and some evidence tending to connect the defendant with the commission of the crime.

The counsel for defendant asked the court to give the jury *eighty-one* specific instructions, many of which were refused. So many charges could hardly ever be necessary, and in the present case were certainly not necessary, fairly to present the law bearing upon the issues involved. The instructions given seem to have fairly and fully explained the law applicable to the questions actually tried, and which the jury were called upon to determine.

Judgment and order affirmed.