## Prior Jones *v.* The State.

Accomplice Testimony. — Evidence to corroborate the testimony of an accomplice must, of itself, and without aid from such testimony, tend, in some degree, to connect the accused with the commission of the crime; but the corroborative evidence need not suffice, of itself, to establish the guilt of the accused. The case of *Jackson* v. *The State, ante,* p. 292, referred to by the court, and its rulings on this subject approved.

Appeal from the District Court of Bastrop. Tried below before the Hon. L. W. Moore.

This capital conviction is one of the results of the midnight assassination of John Black, a negro, by eight of his negro neighbors, instigated by revenge and guided by superstition and imposture. The facts have been fully disclosed in the opinion rendered by this court in the case of *Jackson* v. *The State, ante,* p. 292.

No brief for the appellant.

*George McCormick,* Assistant Attorney-General, for the State.

ECTOR, P. J. The appellant, with seven others, was jointly indicted for the murder of John Black. He was tried and convicted of murder in the first degree.

A motion was made for new trial, for the following reasons, to wit:

"1. Because the court erred in the charge to the jury.

"2. The verdict is not supported by the evidence.

"3. The verdict is contrary to the law and the evidence."

The motion for a new trial was overruled. The action of the court in overruling the motion for new trial is the only error assigned by the appellant. The charge of the court properly presented the law of the case to the jury. The main question arising on this appeal is whether or not there was sufficient corroboration of the evidence of the accomplice to justify a conviction of the appellant.

Article 653 of the Code of Criminal Procedure (Pasc. Dig., art. 3118) is as follows:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

We have heretofore had occasion to pass upon said article 3118. As we construe that provision of the statute, the

corroborating evidence must, of itself, and without the aid of the testimony of the accomplice, tend, in some degree, to connect the defendant with the commission of the offense. It need not, of course, be sufficient to establish his guilt; for, in that event, the testimony of the accomplice would not be needed. *Nourse* v. *The State*, 2 Texas Ct. App. 304; *The People* v. *Coonan*, 50 Cal. 449.

There was certainly sufficient evidence in this case, without the aid of the testimony of the accomplice, to prove that John Black was forcibly taken from his house on the night of December 24, 1876, by a crowd of men, carried about one mile and a-half, and there murdered, as charged in the indictment, by them; and other evidence, besides that of the accomplice, tending to connect the appellant with the commission of the crime.

This is another branch of the case of *Burrill and Smith Jackson* v. *The State of Texas*, decided by this court during its present term, and we deem it sufficient to refer to the opinion therein rendered for a decision of the questions in the case at bar. *Ante*, p. 292.

We have carefully considered all the evidence in the record, and, without going into a minute comparison of the testimony, it is only necessary to state that the evidence is sufficient to sustain the verdict.

We have given this case the consideration which its momentous issues involve, and we are clearly satisfied that no substantial right of the appellant has been interfered with on the trial. The entire record discloses to us no error in the proceedings of the court below.

The judgment of the District Court is, therefore, affirmed.
*Affirmed.*