[No. 20277. Department One. — May 31, 1887.]

THE PEOPLE, RESPONDENT, v. WORTH BROWN, APPELLANT.

CRIMINAL LAW — PRELIMINARY EXAMINATION OF JUROR — QUESTIONS SHOWING ACTUAL BIAS — REFUSAL TO ALLOW WHEN ERROR. — In a criminal prosecution, a juror on his *voir dire* examination, after stating that he had a fixed opinion as to the guilt of the defendant, which would require evidence to remove, but that he could and would give him a fair trial, was asked by the defendant certain questions for the purpose of ascertaining the extent of his opinion, and whether it resulted from prejudice against the defendant or his case. The court refused to allow the questions, and denied a challenge for actual bias. The defendant exhausted his peremptory challenges before the jury was completed. *Held*, that the refusal to allow the questions was error.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order refusing a new trial.

On the trial, a witness who was present at the killing was asked by the defendant whether a certain wound found in the body of the deceased was caused by the entrance or exit of the bullet fired by the defendant. The prosecution objected to the question on the ground that no proper foundation had been laid therefor, and because it did not appear that the witness was an expert on gunshot wounds, or was a surgeon. The court sustained the objection. The further facts are stated in the opinion of the court.

*P. Reddy*, *Oregon Sanders*, and *J. W. Davis*, for Appellant.

*Attorney-General Johnson*, for Respondent.

TEMPLE, J.—The defendant was tried upon a charge of murder, and was convicted of murder in the first degree. The appeal is from the judgment, and from an order denying a new trial.

On the trial, M. P. Troxler was examined as to his qualifications as a juror. He stated that he had heard

some talk of the case, and had read accounts of the affair in the local newspapers, and he thought he read the evidence taken before the coroner, and had formed an opinion in reference to the guilt or innocence of the defendant. He was then asked by defendant's counsel, "Was that opinion favorable or unfavorable to the defendant?"

Objection was made that it was irrelevant, incompetent, and immaterial, and the court sustained the objection. Defendant then asked: "What is your opinion *now* from what you have read as to the guilt or innocence of the defendant?" To which there was interposed the same objection, and the same ruling was made.

The court also refused to allow the following:—

"What impression did the reading of these articles make on your mind?"

Counsel then asked:—

"Could you enter upon the trial of this case with the presumption that the defendant is innocent until he was proved guilty? or would you enter upon the trial presuming that defendant is guilty, and desiring to see him vindicated by the testimony of the witnesses here?"

Answer: "I don't think I could."

Question by counsel for the defense: "That is, you don't think you could enter upon the trial of the case with the belief that the defendant is innocent?"

Answer: "No, sir."

Question by counsel for defense: "Do you think you could give the defendant a fair and impartial trial?"

Answer: "I think I could, notwithstanding I have an opinion from what I have heard and read. It would take good evidence to remove that opinion."

Question: "In other words, you would be of opinion that defendant is guilty until he had proved himself innocent; is n't that the exact state of your mind?" Objected to as being irrelevant, incompetent, and immaterial.

All of these rulings against the defendant were duly excepted to, and the juror was challenged for actual bias.

The juror proceeded to say further, in reply to the district attorney, that he could and would give the defendant a fair trial, etc.

The court denied the challenge, and the defendant exhausted all of his peremptory challenges before the panel was completed.

The precise question before the court was as to the existence of a state of mind on the part of the juror which would or might prevent him from acting with entire impartiality, and without prejudice to the rights of defendant. It was evident the juror had a fixed opinion as to the guilt of defendant, which he said would require good evidence to remove. The purpose of the attempted examination was to ascertain so far as possible the extent of this opinion, its character, and whether it resulted to any extent from prejudice against defendant or his case. We think the examination was proper, and that the court erred in sustaining the objections of the district attorney.

This matter was discussed in the case of *People* v. *Hamilton,* 62 Cal. 377. The precise point here made was, perhaps, not involved in that case, but we are satisfied with the reasoning upon this subject in that opinion.

Misapprehension upon this point seems to have arisen from the fact of the former practice under a different statute, and the decisions based upon it.

The former statute made an unqualified opinion upon the subject of defendant's guilt a disqualification, without reference to the state of the juror's mind in other respects. Of course, on such an issue it was not important to know whether the opinion was favorable or unfavorable. But even then when the challenge for actual bias was interposed, it was competent to ask the questions here excluded. Now, the whole inquiry is made upon the challenge for actual bias, and is not confined

to the question as to whether the juror has a fixed opinion or not, but extends to all matter of prejudice which would tend to show that the juror would not be impartial. Entertaining a fixed opinion that the defendant is guilty would seem, under the present statute, to be sufficient to sustain a challenge, unless the court finds something else, to wit, that he can and will nevertheless act fairly and impartially upon the matters to be submitted to him. The court is not bound to take the simple statement of the juror upon these matters, but counsel have a right to make such inquiries as will bring out the character and force of the conviction he has. How else can the court determine whether he is able, notwithstanding his prejudice, to act fairly and impartially?

The other question raised may not arise upon the new trial, or if it should, the circumstances may be very different. The cases upon the subject are very numerous, and from them it is very difficult, probably impossible, to deduce any rule or body of rules which would satisfactorily indicate when a witness may be allowed to give his opinion. A decision of this question, therefore, which may not again arise, would serve no practical end.

The judgment and order are reversed, and the cause remanded for a new trial.

McKinstry, J., and Paterson, J., concurred.

Hearing in Bank denied.