73    313
75    305
73    313
114   620

[No. 20292.  In Bank. — August 31, 1887.]

## THE PEOPLE, RESPONDENT, *v.* GEORGE H. KUNZ, APPELLANT.

CRIMINAL LAW — EXAMINATION OF JUROR — OPINION ADVERSE TO DEFENDANT — CHALLENGE FOR ACTUAL BIAS. — In a criminal prosecution, a juror who had stated on his preliminary examination that he had a decided opinion as to the guilt or innocence of the defendant, but that he thought he could give him a fair and impartial trial, was asked by the defendant, upon a challenge for actual bias, whether the opinion was adverse to the defendant. The court refused to permit the question, whereupon the defendant peremptorily challenged the juror, and exhausted all his peremptory challenges before the panel was completed. *Held*, that the refusal to allow the question was error.

ID. — REVIEW OF RULING ON CHALLENGE — EXCEPTION. — In such a case, the action of the court in sustaining a challenge to a juror on the ground of actual bias will not be reviewed on appeal, when no exception was taken to the rulings of the court upon the admission or rejection of testimony given on the *voir dire* examination of the juror.

ID. — EVIDENCE OF ACCOMPLICE — CORROBORATION — CONVICTION. — The rule prohibiting a conviction upon the uncorroborated testimony of an accomplice does not require that every fact testified to by the accomplice shall be specifically corroborated in order to warrant a conviction.

APPEAL from a judgment of the Superior Court of Trinity County, and from an order refusing a new trial.

The defendant, together with several other persons, was charged by information with the murder of one George Erickson. The persons accused all asked for separate trials, which being granted, the defendant was tried and convicted of murder in the first degree. At the trial, the district attorney dismissed the charge against two of the persons accused, and used them as witnesses for the people against the defendant; and it was solely upon their testimony, as the defendant claimed, that the conviction was had. The further facts are stated in the opinion of the court.

*Grove L. Johnson, D. G. Reid,* and *J. N. Gillett,* for Appellant.

*Attorney-General Johnson, J. W. Bartlett,* and *J. W. Turner,* for Respondent.

TEMPLE, J. — This case must be reversed on the authority of *People* v. *Brown,* 72 Cal. 390. On the preliminary examination of the jurors, three of them announced, in response to proper questions, that they each had decided opinions as to the guilt or innocence of the defendant, but thought they could give the defendant a fair and impartial trial. Each was challenged for actual bias by the defendant, who then, to further show the nature of the bias, asked whether the opinion was adverse to the defendant. This question was in each case objected to,

the objection sustained, and an exception noted. The defendant challenged the jurors peremptorily, and before the panel was completed exhausted all his peremptory challenges.

The question was so recently before us in the case above cited that further discussion of the point is unnecessary. Such evidence has always been held admissible in this state upon a challenge for actual bias, and there are no decisions in which a contrary opinion is intimated.

One Kerlin was called and examined on *voir dire* as to his qualifications to serve as a juror. He was challenged by the district attorney for actual bias. There is no exception to any ruling of the court upon the admission or rejection of testimony, and this court cannot review the action of the court in sustaining the challenge.

We understand that the corroborative evidence goes much beyond proof of mere threats on the part of the defendant. There was evidence outside of that of the accomplice of a conspiracy to procure the murder of deceased. We are not prepared to say that this does not constitute some evidence corroborating the testimony of the accomplice, which of itself, and without the aid of the evidence of the accomplice, tended to connect the defendant with the commission of the offense. The sufficiency of that evidence was properly left to the jury.

The rule does not require that every fact testified to by the accomplice shall be specifically corroborated.

The judgment is reversed, and cause remanded for a new trial.

SEARLS, C. J., McKINSTRY, J., THORNTON, J., and SHARPSTEIN, J., concurred.

McFARLAND, J., dissenting.—I dissent. While the Penal Code does not allow an exception to a ruling of the court, denying a challenge to a juror for actual

bias, it is true that it does allow an exception to a ruling upon the admissibility of evidence on the trial of such challenge, — thus presenting a wonderful example of the incident being considered more important than the principle, and a part greater than the whole. But notwithstanding this anomaly, it does not follow that a judgment of conviction must be reversed every time a court commits an error in ruling upon testimony on the trial of a challenge. The rule of section 1258, that this court must not regard "exceptions which do not affect the substantial rights of the parties," applies here, as well as to wiser provisions of the law. Now, in what way was any substantial right of appellant affected by the refusal of the court to allow the three jurors to be asked whether their opinions were adverse to defendant? When the question was asked in each instance the juror had been examined at great length as to the strength and fixedness of his opinion, and defendant had interposed his challenge for actual bias. It must be remembered that whether or not the court should have allowed the challenge is not before us; that was a ruling which we cannot review. The defendant was not injured, therefore, by the rejection of the proposed question, unless we can assume upon any possible view that the ruling of the court on the challenge would or might have been different *if it had known* that the opinion of the juror — such as it was — *was adverse to defendant.* But the court at that juncture had no business with the question, "To which side does the opinion of the juror incline?" If the opinion of the juror disqualified him, he should have been discharged, no matter from what side the challenge came. And to assume that the judge of the court below would have changed his ruling and allowed the challenge, if he had known that such change of opinion would have favored one party as against the other, would be to assume that he was partial and unfair, — an assumption utterly intolera-

ble. I cannot see, therefore, how the allowance of the proposed question could possibly have affected the final ruling of the court on the challenge,— a ruling which we cannot disturb. I think, therefore, that the judgment should be affirmed. I have assumed that the question was a proper one, because I suppose that point may be considered as settled by the judgment of this court, in *People* v. *Brown*,— a judgment in which I did not concur, and from which I had no opportunity to dissent. The facts of that case, however, differ from those of the case at bar.

The practice lately grown up of asking all sorts of imaginable questions of jurors has come to be a grievous evil, and should be discouraged in every legitimate way.