114   617
117   561

[Crim. No. 162.   Department One.—October 26, 1896.]

THE PEOPLE, RESPONDENT, v. THOMAS BARKER, APPELLANT.

CRIMINAL LAW—ROBBERY—EVIDENCE—CORROBORATION OF ACCOMPLICE. The testimony of an accomplice to a robbery committed by the defendant is sufficiently corroborated by other proof tending to identify defendant as one of the assailants, and that he was seen in the company of the accomplice, in the near vicinity of the scene of the robbery a very few minutes prior to the commission· of the offense.

ID.—SUFFICIENCY OF CORROBORATING EVIDENCE.—Evidence tending, independently of that of the accomplice, to connect defendant with the commission of the offense is all that is required, even though if it stood alone it would be entitled to but little weight; nor need it extend to every fact and detail covered by the statements of the accomplice.

ID.—QUESTION FOR JURY.—The strength or credibility of the corroborating evidence is for the jury.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order denying a new trial. JOHN L. CAMPBELL, Judge.

The instruction referred to in the second subdivision of the opinion is as follows: " A conviction cannot be had on the testimony of an accomplice unless he is corroborated by other evidence, which in itself and without the aid of the testimony of the accomplice tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof. But although more is required by way of corroboration than to raise a mere suspicion, yet the corroborating evidence is sufficient if it of itself tends to connect the defendant with the commission of the offense, although it is slight, and entitled, when

standing by itself, to but little consideration." Further facts are stated in the opinion of the court.

*Paris & Allison,* for Appellant.

The testimony of Shaw, the accomplice, is entirely uncorroborated. No inference of the guilt of the defendant can be drawn from the fact that he was at the saloon on the evening of the commission of the crime beyond the fact that it gave him the opportunity to advise its commission. (*People* v. *Keoning,* 99 Cal. 576; *People* v. *Ames,* 39 Cal. 403; *People* v. *Smith,* 98 Cal. 218; *People* v. *Thompson,* 50 Cal. 480.) The corroborating testimony must connect 'the defendant with the crime charged. It is not sufficient that it corroborates the accomplice as to the fact that the crime was committed. (*People* v. *Eckert,* 16 Cal. 110; Pen. Code, sec. 1111.) The court erred in its instruction to the jury in regard to the degree of corroboration required, as, if it does not invade the province of the jury as to the weight of evidence, it is certainly calculated to mislead the jury as to the amount of evidence sufficient to convict. (*People* v. *Thompson,* 50 Cal. 480; *People* v. *Curlee,* 53 Cal. 607; *People* v. *Smith, supra.*)

*W. F. Fitzgerald, Attorney General,* and *Charles H. Jackson, Deputy Attorney General,* for Respondent.

It is for the jury in a criminal case to determine whether evidence introduced upon a given point amounts to proof of the fact sought to be proved. (*People* v. *Dick,* 32 Cal. 214; 34 Cal. 663; *People* v. *Ybarra,* 17 Cal. 171; *People* v. *Ah Fung,* 17 Cal. 377; 1 Chitty's Criminal Law, 528; *People* v. *Mayes,* 66 Cal. 597; 56 Am. Rep. 126.) Testimony of a witness is corroborated when it corresponds with that of some other witness, or with some facts otherwise known or established. (*People* v. *Hong Tong,* 85 Cal. 171.) The rule prohibiting a conviction upon the uncorroborated testimony of an accomplice does not require that every fact testified to by the accomplice shall be specifically corroborated in order to war-

rant a conviction. (*People* v. *Kunz*, 73 Cal. 313.) The testimony necessary to corroborate that of an accomplice need not be strong; it is sufficient if it of itself tends to connect the defendant with the commission of the offense, though if it stood alone it would be entitled to but little weight. (*People* v. *McLean*, 84 Cal. 480.) The evidence which is necessary, under section 1111 of the Penal Code, to corroborate the testimony of an accomplice, in order to secure a conviction, need not be evidence tending to establish the precise facts testified to by the accomplice. (*People* v. *Cloonan*, 50 Cal. 449; *People* v. *Garnett*, 29 Cal. 622.) The instruction as to the degree of corroboration required states the law on the subject. (Pen. Code, sec. 1111; *People* v. *McLean, supra; People* v. *Thompson*, 50 Cal. 481; *People* v. *Cloonan, supra; Noland* v. *State*, 19 Ohio, 131; Wharton's American Criminal Law, 366; 1 Phillips on Evidence, 37–39; *Queen* v. *Wilkes*, 32 Eng. Com. L. 507; *Queen* v. *Farler,* 34 Eng. Com. L. 314, 315; *Queen* v. *Dyke*, 34 Eng. Com. L. 381.)

VAN FLEET, J.—Defendant was convicted of robbery and appeals from the judgment and an order denying him a new trial.

1. It was objected that there was no evidence tending to connect defendant with the commission of the crime, other than the uncorroborated statements of an accomplice. We regard the evidence as quite sufficient to satisfy the statute as to the degree of corroboration required. The testimony of Leary, the prosecuting witness, while not positive on the point, nevertheless tended directly to identify defendant as one of his assailants; while that of several other witnesses placed defendant in the company of his accomplice, in the near vicinity of the scene of the robbery, at a very few minutes prior to the commission of the offense. This was evidence tending, independently of that of the accomplice, to connect defendant with the commission of the offense; and that is all that is required. The strength or credibility

of the corroborating evidence is for the jury. It " need not be strong; it is sufficient if it tends to connect the defendant with the commission of the offense, though if it stood alone it would be entitled to but little weight." (*People* v. *McLean*, 84 Cal. 480.) Nor need it extend to every fact and detail covered by the statements of the accomplice. (*People* v. *Kunz*, 73 Cal. 313; *People* v. *Cloonan*, 50 Cal. 449.)

2. The instruction as to the degree of corroboration required, which is objected to, is in full accord with the principles above stated, and correctly states the law.

There is no error in the record, and the judgment and order are affirmed.

HARRISON, J., and GAROUTTE, J., concurred.