[Crim. No. 343. Fourth Appellate District.—March 17, 1937.]

THE PEOPLE, Respondent, v. ALBERT MARTINEZ, Appellant.

P. E. Bingman for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

JENNINGS, J.—The defendants, Albert Martinez, Raymond Garcia and Julian Jacques were jointly accused by information of having committed the crime of burglary. Each defendant, on arraignment, entered a plea of not guilty and they were thereafter jointly tried before a jury, which returned a verdict finding each defendant guilty of the crime of second degree burglary. At the time appointed for pronouncement of judgment a motion for a new trial was presented on behalf of each defendant, which motion was by the court denied and judgment was thereupon pronounced whereby it was adjudged that the defendant Martinez should be confined in Folsom prison and the two other defendants should be confined in the county jail for a period of ten months. From the judgment thus rendered and from the order denying the motion for a new trial the defendant Albert Martinez alone presents this appeal. ▮ The notice of appeal states that the defendant also appeals from the verdict of conviction. Inasmuch as no appeal lies from the verdict of a jury the attempted appeal therefrom is dismissed.

The sole contention advanced by appellant on this appeal is that the judgment of conviction lacks evidentiary support.

The foundation for this contention rests in the argument that the only evidence which implicated appellant in the commission of the offense of which he was convicted consists of extrajudicial statements of his codefendants Jacques and Garcia, who were admittedly his accomplices. Proper consideration of the contention thus advanced necessitates an examination of the evidence which was presented during the trial.

The reporter's transcript on appeal discloses that evidence was produced which tended to establish the following facts: At some time between 9:15 P. M. of October 9, 1936, and 5 o'clock A. M. of October 10, 1936, the front window of a drug and liquor store in the city of Redlands was broken and a number of bottles of whiskey were taken from the display platform back of the window. This fact was discovered about 5 o'clock A. M. of October 10, 1936. At this time it was also observed that there was blood on the window sill and on the sidewalk and on some pieces of broken glass that were found on the sidewalk beneath the window. An article identified as a brake shoe from a Ford automobile was also found near the window. Inspection of this tool disclosed the presence of fragments of shattered glass in its lining and the appearance of a drop or two of blood on its surface. The whiskey which was displayed on the window platform of the store on the night of October 9, 1936, consisted of two brands, viz.: Town Tavern and Windsor. The serial number assigned to the proprietor of the store as a liquor vendor by the board of equalization of the state of California for the latter part of the year 1936 was C2307 and was placed by him or some person in his employment on the state tax stamp which was affixed to each bottle or flask of whiskey offered for sale by him. About noon of October 10, 1936, a peace officer discovered appellant, who was then lying naked on the ground at the side of a road known as Barton Avenue. This road extended along the edge of a grove of eucalyptus trees. Shortly after the discovery of appellant as aforesaid the same officer found a Ford automobile which was in the eucalyptus grove a distance of approximately 50 yards from the spot where appellant was reclining. At the time the automobile was located the defendant Jacques was discovered lying on the ground asleep at the left side of the car. At about the same time that appellant and Jacques were found as

aforesaid the third defendant, Garcia, was discovered by a deputy sheriff. Garcia was also lying on the ground asleep in an orange grove which was near the eucalyptus grove. Appellant and the two other defendants were intoxicated at the time of their discovery. At this time appellant's right hand was bleeding from a comparatively shallow cut approximately one inch in length which appeared on the hand near the wrist. The above-mentioned automobile was registered in the name of the defendant Jacques. Underneath the back seat of the automobile two pint bottles of Windsor brand whiskey were found and on the ground just ahead of the car broken pieces of one or more bottles of the same brand of whiskey were discovered. On one of these broken pieces the state revenue stamp containing the serial number of the purveyor appeared. The number which there appeared was the number which had been assigned as above stated to the proprietor of the drug store which had been burglarized. The stamps on the two bottles of whiskey that were found beneath the rear seat of the automobile also bore this same number. An extrajudicial statement made by the appellant after his arrest was admitted in evidence against him without objection. In this statement appellant admitted that at some undetermined time during the evening of October 9, 1936, he met his two codefendants on High Street in the city of Redlands and that later in the same evening at about 10 or 10:30 o'clock the three men entered the Ford automobile which belonged to Jacques and went to Perris, where they visited an aunt of appellant and later returned to Bryn Mawr, near which settlement was located the eucalyptus grove where appellant was discovered. In this statement appellant denied that he had perpetrated the burglary or that he had any whiskey in his possession or that he remembered having drunk any whiskey. Extrajudicial statements made by the two other defendants were also admitted in evidence. At the time of their reception the jury was expressly instructed that each statement was admitted only as to the defendant who had made it and should be considered as to him alone. In each of these statements it was declared that appellant broke the window of the store and shortly thereafter reentered the automobile in which he was riding with his codefendants, at which time he had in his possession

a number of bottles of whiskey. Neither appellant nor either of his codefendants testified during the trial of the action.

The narration of the above-detailed facts, eliminating the statements of the defendants Jacques and Garcia, furnishes a sufficient answer to appellant's contention that no evidence other than the statements of his codefendants tending to connect appellant with the commission of the offense appears in the record. Appellant's statement showed that he spent the greater part of the night of October 9th in the company of his codefendants. When he was discovered about noon of the following day he was lying on the ground about 50 yards from the automobile which was registered in the name of Jacques. One of his codefendants was lying asleep on the ground by the side of the car and the other defendant was asleep on the ground in a near-by orange grove. All three men were intoxicated. Two bottles of whiskey were found in the automobile and broken pieces of a third bottle were found near the car. From the number that appeared on the revenue stamps affixed to each of these bottles they were identified as having come from the store that was burglarized some time during the night of October 9th. Finally, at the time he was discovered appellant had a cut on his right hand from which blood was exuding. This circumstance is significant because of the presence of drops of blood on the window sill, sidewalk, broken glass, and brake shoe, which indicated that the person who broke the window suffered a cut during the perpetration of the burglary. These circumstances, taken together, furnish something more than mere suspicion that appellant might have been implicated in the burglary. They constitute a chain of circumstances which point strongly to appellant's guilt of the offense.

It is an established principle of criminal procedure that evidence corroborative of an accomplice's testimony implicating a defendant in the commission of a crime is not required of itself to establish guilt or to extend to every detail included in the accomplice's testimony but that it is sufficient to avoid the inhibition of section 1111 of the Penal Code if, standing alone, it tends to connect defendant with the commission of the offense charged. (*People* v. *Barker*, 114 Cal. 617 [46 Pac. 601]; *People* v. *Bunkers*, 2 Cal. App. 197 [84 Pac. 364]; *People* v. *Marks*, 83 Cal. App. 370 [257 Pac. 92].)

Application of this principle to the above-mentioned circumstances impels the conclusion that appellant's contention of corroborative insufficiency is untenable.

As a matter of fact, since none of the defendants in the action testified during the trial and the trial court expressly advised the jury that the extrajudicial statement of each defendant could only be considered as to him and not as to either of his codefendants—an instruction which we are entitled to assume was obeyed by the jury—the question presented on this appeal is not whether there was sufficient corroboration of the testimony of accomplices but rather whether or not it must be declared that the verdict of conviction is entirely lacking in evidentiary support. In our opinion the above-mentioned circumstances furnish adequate evidentiary support for the verdict.

The attempted appeal from the verdict of conviction is therefore dismissed and the judgment and order from which this appeal has been perfected are affirmed.

Barnard, P. J., and Marks, J., concurred.