THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN SÁNCHEZ MORALES, Defendant and Appellant.

No. 11350. Argued May 1, 1946.—Decided May 20, 1946.

Santos P. Amadeo and Gilberto Concepción de Gracia for appellant.
E. Campos del Toro, Attorney General, Luis Negrón Fernández,
First Assistant Attorney General, and J. Correa Suárez, Assistant
Prosecuting Attorney.

Mr. Chief Justice Travieso delivered the opinion of the
court.

The appellant and Celestino Santiago were jointly pros-
ecuted for forgery in that they did unlawfully, wilfully,
maliciously, and feloniously, and with the intent to defraud
Frank Rodríguez and Ramón N. Alicea, imitate and forge
a check reading thus: "No. 85, San Juan, P. R. Oct. 14,
1944—Banco Popular de Puerto Rico, San Juan, P. R.—
Pay to the order of Celestino Santiago, $25.00—Ramón N.
Alicea." It is further alleged in the information that the
signature of Alicea was not authentic but imitated and
forged by the defendants, who passed the check as genuine
in the store of Frank Rodríguez, receiving in exchange
therefor money in cash and merchandise to the amount of
$25. The appellant was tried separately, found guilty by
a jury, and sentenced to a term of one year in the peniten-
tiary.

As an only assignment it is urged that the trial court
erred in denying a motion for the peremptory acquittal of

the accused, which was based on the ground that the testimony of the accomplice Celestino Santiago, principal witness for the prosecution, had not been sufficiently corroborated as required by § 253 of the Code of Criminal Procedure, which provides:

"Section 253.—A conviction can not be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient, if it merely shows the commission of the offense, or the circumstances thereof."

■■ Codefendant Celestino Santiago testified, in brief, that about that time he was beginning to get acquainted with defendant Sánchez; that when he met Sánchez on the street the latter told him that he had a blank check and asked him to fill it in; that he filled it in by writing what Sánchez dictated to him and at the request of Sánchez he endorsed it with his name. That then Sánchez took the check and told him: "Come along," and they went together into a store at the corner of Allen and San Justo Streets, where Sánchez delivered the check to a clerk; that Sánchez bought two shirts. there and gave one of them to the witness, together with $9 in bills out of the money received as proceeds of the payment by check; that Sánchez gave him the shirt and the money when they came out of the store.

Let us see now whether the lower court was justified in refusing to order the peremptory acquittal of the accused, leaving to the determination of the jury the question of the sufficiency of the corroborative evidence introduced by the district attorney.

Ramón Font, clerk in the store of Frank Rodríguez, testified that he remembered having seen the defendant accompanied by Celestino Santiago, in the store on the day of the occurrence; that they purchased two shirts and paid with a check for $25, signed by Ramón N. Alicea, which was

the same one that was shown to him; that it was Sánchez who made the purchase, carried the check, and delivered it to the witness; that the latter asked Sánchez about the signature and "he told me that it was Ramón N. Alicea's, and he took it to Frank Rodríguez and he stated there that it involved a transaction which he had made with Alicea, a purchase which he had made"; that after deducting the price of the shirts he delivered the difference to defendant Sánchez and the latter in his presence gave some money to Santiago.

Frank Rodríguez, owner of the establishment, identified the check and testified that after Sánchez and Santiago had bought the shirts the clerk brought the check to him and told him that the check was derived from a meat transaction with Nieves Alicea; that he told the clerk that it was all right; that at that time Sánchez and Santiago, whom he recognized, were standing near the cashier's desk; that the check could not be cashed at the bank.

Ramón Nieves Alicea, after examining the check, testified that the signature appearing in the check was not his; that he had never issued any check in favor of Celestino Santiago; that he learned of the check herein when he was called by the bank and he denied having issued it; that about eight years ago he used to sign with the name Ramón N. Alicea but that by reason of another similar incident he changed that practice and signed his full name, Ramón Nieves Alicea; that he was not acquainted with either one of the defendants.

We fail to find any reason which would warrant us in interfering with the verdict of the jury. The active participation taken by defendant Sánchez in the negotiation of the check prepared by his accomplice in accordance with his instructions; the distribution made by him of the cash proceeds and of the merchandise which he was compelled to purchase in order to cash the check; and, especially, the

false report which he gave to the clerk to the effect that the check was derived from a transaction had with Alicea, who testified that he was not acquainted with the defendant, in our judgment are facts more than sufficient to carry to the minds of the jury the conviction, beyond all reasonable doubt, that the accomplice Celestino Santiago told the truth and that his testimony was fully corroborated. See *People v. Márquez,* 64 P.R.R. 354, 361; *People v. Rigual,* 52 P.R.R. 87; *People v. Marrero,* 41 P.R.R. 938, 953; *People v. King,* 104 P. (2d) 521; *People v. Wilson,* 153 P. (2d) 721.

The judgment appealed from should be affirmed.