EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN SÁNCHEZ MORALES, acusado y apelante.

Núm. 11350.—*Sometido:* Mayo 1, 1946. *Resuelto:* Mayo 20, 1946.

*Santos P. Amadeo* y *Gilberto Concepción de Gracia*, abogados del apelante; *Hon. Procurador General E. Campos del Toro, Luis Negrón Fernández, Primer Procurador General Auxiliar,* y *J. Correa Suárez, Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

El apelante fué acusado en unión de Celestino Santiago, de un delito de falsificación, consistente en que ilegal, voluntaria, maliciosa y criminalmente, y con intención de defraudar a los señores Frank Rodríguez y Ramón N. Alicea, imitaron y falsificaron un cheque que lee así: "No. 85, San Juan, P. R. Oct. 14, 1944—Banco Popular de Puerto Rico, San Juan, P. R.—Páguese a la orden de Celestino Santiago, $25.00—Ramón N. Alicea". Se alega, además, en la acusación que la firma de Alicea no es auténtica y sí imitada y falsificada por los acusados, quienes pasaron el cheque como genuino en la tienda de Frank Rodríguez, recibiendo a cambio del mismo dinero en efectivo y mercancías por valor de $25. El apelante fué juzgado separadamente, declarado culpable por el jurado y condenado a la pena de un año de presidio.

Como único señalamiento se alega que la corte sentenciadora erró al declarar sin lugar la moción para la absolución perentoria del acusado, la cual se basó en la alegación de que la declaración del cómplice Celestino Santiago,

testigo principal del fiscal, no había sido suficientemente corroborada, según lo requiere el artículo 253 del Código de Enjuiciamiento Criminal, que dispone lo siguiente:

"Artículo 253.—No procede la convicción por declaración de un cómplice, a no ser que ésta sea confirmada por alguna otra prueba que, por sí misma y sin la ayuda del testimonio del cómplice, tienda a demostrar la relación del acusado con la comisión del delito; no siendo suficiente dicha corroboración si sólo prueba la perpetración del delito o las circunstancias del mismo."

El coacusado Celestino Santiago declaró, en síntesis, que para esos días él estaba empezando a conocer al acusado Sánchez; que al encontrarse con Sánchez en la calle, éste le dijo que tenía una hoja de cheque en blanco y le pidió que llenara el cheque; que él lo llenó escribiendo lo que Sánchez le dictó y por orden de Sánchez lo endosó con su nombre; que entonces Sánchez cogió el cheque y le dijo: "Vente" y entraron juntos a una tienda en la calle Allen, esquina San Justo, y allí Sánchez le entregó el cheque a un dependiente; que Sánchez compró allí dos camisas y le dió una de ellas y 9 en billetes de los que le dieron de vuelta cuando pagó con el cheque; que Sánchez le dió la camisa y el dinero a la salida de la tienda.

Veamos ahora si la corte inferior estuvo justificada al negarse a absolver perentoriamente al acusado, dejando a la determinación del jurado la suficiencia de la evidencia corroborativa aducida por el fiscal.

Declaró Ramón Font, dependiente de la tienda de Frank Rodríguez: Recuerda haber visto al acusado acompañado de Celestino Santiago, en la tienda, el día de autos; que compraron dos camisas y pagaron con un cheque por $25 firmado por Ramón N. Alicea, que es el mismo que se le exhibe; que Sánchez fué quien le hizo la compra, llevó el cheque y lo entregó al declarante; que él le preguntó a Sánchez por la firma y "me dijo que era de Ramón N. Alicea y lo llevé donde Frank Rodríguez y allí le dijo que era una tran-

sacción que había hecho con Alicea, una compra que había hecho''; que después de cobrar las camisas le dió la diferencia al acusado Sánchez y éste en su presencia le dió una cantidad a Santiago.

Frank Rodríguez, dueño del establecimiento, después de identificar el cheque, declaró: que después que Sánchez y Santiago compraron las camisas, el dependiente le trajo el cheque y le dijo que el cheque era de una transacción de carne con Nieves Alicea; que él le dijo al dependiente, que estaba bien; que en ese momento Sánchez y Santiago, a quienes reconoce, estaban al lado de la caja; que el cheque no pudo ser cobrado.

Ramón Nieves Alicea, después de examinar el cheque, declaró: que la firma que aparece en el cheque no es la suya; que nunca ha expedido cheque alguno a favor de Celestino Santiago; que tuvo conocimiento de este cheque cuando fué llamado por el Banco y él negó haberlo expedido; que hace como ocho años él acostumbraba firmar Ramón N. Alicea, pero que con motivo de otro inconveniente como éste cambió a Ramón Nieves Alicea completo; que no conoce a ninguno de los dos acusados.

No encontramos razón alguna que pueda justificar nuestra intervención con el veredicto del jurado. La participación activa que tomó el acusado Sánchez en la negociación del cheque preparado por su cómplice, de acuerdo con sus instrucciones; la distribución hecha por él de la mercancía que se vió obligado a comprar para poder cambiar el cheque y de los fondos sobrantes; y, especialmente, el falso informe dado por él al dependiente, de que el cheque procedía de una transacción que había hecho con Alicea, quien declaró no le conocía, son a nuestro juicio, hechos más que suficientes para llevar al ánimo del jurado la convicción, fuera de toda duda razonable, de que el cómplice Celestino Santiago declaró la verdad y de que su testimonio fué plenamente corroborado. Véanse: *El Pueblo* v. *Márquez,* 64 D.P.R. 371,

378; *El Pueblo v. Rigual,* 52 D.P.R. 92; *Pueblo v. Marrero (a) Moncho,* 41 D.P.R. 951, 965; *People v. King,* 104 P.2d 521; *People v. Wilson,* 153 P.2d 721.

*La sentencia debe ser confirmada.*