[Crim. No. 483.   Department Two.—May 18, 1899.]

THE PEOPLE, Respondent, v. DAN McMAHON, Appellant.

CRIMINAL LAW—ROBBERY—SUPPORT OF VERDICT.—The evidence reviewed, and held sufficient to support a verdict of guilty of the crime of robbery. The verdict is conclusive evidence that the jury believed the testimony in support of it.

ID.—MISCONDUCT OF DISTRICT ATTORNEY—UNAUTHENTICATED AFFIDAVIT. An unauthenticated affidavit setting forth certain language of the district attorney, which is claimed to amount to misconduct, not made part of the bill of exceptions, nor marked as having been read on the motion for new trial, forms no part of the record and is not entitled to consideration.

ID.—OPINION OF DISTRICT ATTORNEY—LATITUDE IN COMMENT.—A mere expression of opinion of the district attorney during the argument, not involving a statement of any fact, or a suggestion of something as being true which had not been proved, and which was within the reasonable latitude which should be allowed the district attorney in commenting upon the case, is not ground for setting aside the verdict.

APPEAL from a judgment of the Superior Court of Los Angeles County and from orders denying a new trial, and denying a motion in arrest of judgment.   B. N. Smith, Judge.

The facts are stated in the opinion.

W. J. Murphy, and Brooks & Trask, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

COOPER, C.—The defendant was convicted of the crime of robbery, alleged to have been committed on the twenty-fourth day of February, 1898, by the felonious stealing, taking, and carrying away from the person of one Heisler certain silver coins of the value of eighteen dollars. He appeals from the judgment, from the order of the lower court denying motion for a new trial, and from the order denying a motion in arrest of judgment. The principal point made by defendant's counsel is that the evidence is not sufficient to sustain the verdict. Heisler testified that on the evening of February 24th he met the defendant in the saloon of one Harris after dark, and that witness, defendant, and one Patterson went into the back room of the saloon and were drinking, remaining there about half an hour. That the three then left Harris' saloon, and defendant said they would go to another place. They walked just one block and turned to the right, when defendant or Patterson grabbed witness by the throat, and one or both of them struck him a violent blow over the eye which knocked him down and rendered him for a time insensible. That when he recovered he found that all his money had been taken from his pocket, the amount being about eighteen dollars. He then returned to the saloon of Harris. The witness Swope testified that he saw defendant and Patterson on the night of February 24th at the saloon of Harris; that he also saw Heisler there, and the three afterward left together. That afterward Heisler came back and showed witness an injury on his face. The witness Steele testified that he saw Heisler on February 25th, and his eyes were swollen and bruised. It is not necessary to further discuss the testimony. If the testimony of these witnesses was believed by the jury, it was amply sufficient to sustain the verdict. The verdict is conclusive evidence that the jury believed it. Under the well-known rule we cannot disturb the verdict of the jury when there is sufficient evidence to support it.

It is claimed that "the conduct of the district attorney was certainly outrageous during the trial." There is nothing in the record tending to show any misconduct on the part of the district attorney. There is printed in the transcript an affidavit of defendant, in which certain language claimed to have been used by the district attorney is quoted. This affidavit is not

in the bill of exceptions, and is in no way authenticated. It is not even marked as having been read on motion for new trial. It therefore forms no part of the record and cannot be considered. (Supreme Court Rule 29; *People v. Price*, 17 Cal. 311; *People v. Mahoney*, 77 Cal. 529.) But even if authenticated, the remarks are not such as to have in any way prejudiced the defendant. The affidavit states that after speaking of Harris who kept the saloon as "Old Harris, the whisky seller," the district attorney said: "This man [referring to defendant] ought to be in the penitentiary." This is merely an opinion expressed by the district attorney during the argument, and was not a statement of any fact or a suggestion of something as being true which had not been proven. The district attorney must be allowed some latitude in commenting on the case, and his conduct in a case or statements must be such as in a material matter to have prejudiced the defendant before such conduct or statements would be ground for setting aside a verdict.

This disposes of all the alleged errors complained of in defendant's brief, and we do not discover any others. The judgment and orders should be affirmed.

Britt, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and orders are affirmed.

Temple, J., McFarland, J., Henshaw, J.