## THE PEOPLE, Appellant, v. NETTIE R. CRAVEN–FAIR, Respondent.

CRIMINAL LAW—PERJURY BEFORE GRAND JURY—PRIOR INVESTIGATION—POWER OF GRAND JURY—INDICTMENT.—A grand jury, while investigating a charge of perjury against a defendant alleged to have been committed in open court upon the trial of a cause, have the right and power to find an indictment against such defendant for perjury, in the same respect, committed in their presence; and they had a right to consider the testimony of witnesses and other evidence submitted to them under the original charge, in so far as it tended to support the indictment found.

APPEAL from an order of the Superior Court of the City and County of San Francisco setting aside an indictment. Carroll Cook, Judge.

The facts are stated in the opinion of the court.

Tirey L. Ford, Attorney-General, A. A. Moore, Jr., Deputy Attorney-General, L. P. Byington, District Attorney, and I. Harris, Deputy District Attorney, for Appellant.

Thomas D. Riordan, for Respondent.

THE COURT.—Defendant was accused by indictment, charging her with perjury, committed in the city and county of San Francisco. The indictment was set aside, on motion of defendant, and plaintiff appeals. During the course of the proceedings in the administration of the estate of James G. Fair, deceased, this defendant filed a petition for an allowance as widow of deceased. At the hearing before Judge Troutt, in Department 10 of the superior court, defendant gave testimony in support of her petition. This testimony was thought to be false, and the district attorney caused an investigation thereof to be made by the grand jury. Defendant was called as a witness before said grand jury, and then and there testified to certain facts as to her marriage with said Fair, which the indictment alleged to be false and to constitute perjury. In passing upon the motion to set aside the indictment, the lower court found: "First, that it affirmatively appeared from the record herein that at the time of finding the indictment herein and prior thereto, the grand jury was engaged exclusively in investigating the question as to whether the said defendant had committed perjury in the month of February, 1900, in her testimony given before Judge Troutt, in Department 10 of this court, upon her application for family allowance; second, that no testimony was taken before the grand jury who found the indictment herein, as to the testimony of said defendant, Nettie R. Fair, given before said grand jury."

It is claimed that, in testifying to her marriage, defendant, as is true of any other witness, was entitled to the presumption that she spoke the truth (Code Civ. Proc., sec. 1897); and she was also, as the accused, entitled to the further presumption of innocence (Code Civ. Proc., sec. 1963). And it is contended that there should have been some evidence other than her own testimony brought to the attention of the grand jury tending to show that defendant had sworn falsely before them in the particular matter charged as false, without which

there was in fact no evidence at all that she had committed perjury. Section 921 of the Penal Code is cited, which provides: ''The grand jury ought to find an indictment when all the evidence before them, taken together, if unexplained or uncontradicted, would, in their judgment, warrant a conviction by a trial jury.'' And it is urged that this section clearly implies that if the testimony of the witness is uncontradicted, the grand jury cannot say he has committed perjury.

The indictment bears the indorsement of the names of nineteen ''witnesses examined, and the names of witnesses whose depositions were read before the grand jury on finding the foregoing indictment.'' Counsel seems to argue that because the grand jury was, prior to defendant's testimony being taken, engaged exclusively in investigating the alleged perjury before Judge Troutt in relation to defendant's application for family allowance, such evidence could not be considered as contradicting or otherwise affecting defendant's testimony given before the grand jury. But these witnesses who were called to show what defendant testified to before Judge Troutt must have given testimony as to her testimony relating to her alleged marriage with Fair; for unless married to Fair she could have had no claim for family allowance, and this testimony given by her must also have been shown to the grand jury to have been false. With this evidence before the grand jury, when defendant came to testify to her marriage, they had a right to consider the facts already before them, whether such facts preceded defendant's testimony or followed it, and whether they pertained to what she swore to before Judge Troutt concerning her marriage, or swore to before the grand jury on the subject. The grand jury was to determine from all the evidence taken, if unexplained or uncontradicted, whether it would, in its judgment, warrant a conviction by a trial jury. (Pen. Code, sec. 921.) The grand jury was not confined to the examination of the proceedings occurring before Judge Troutt, nor was it compelled to find an indictment on what defendant there testified to or not at all. A grand jury has, within its scope of inquiry, all public offenses committed or triable within its county; and it was held in *People* v. *Northey*, 77 Cal. 618, that, although it takes up a charge against one person, if it appears from the testimony taken at such examination that sufficient reasons

exist for putting another person on his trial, it can and should find an indictment against such person. And this is equally true where a second or different offense appears to have been committed by the person whose conduct was primarily the subject of examination. The grand jury had the right to indict defendant for her perjury in their presence, and, we think, they could consider the testimony of witnesses and other evidence submitted to them under the original charge so far as it tended to support the indictment as in fact found; and we must presume that the evidence did support the indictment.

No question is raised as to whether the point before us could be reached on motion to set aside the indictment. Both parties treat the motion as proper and we so treat it, but do not pass upon the question.

The order is reversed.

Hearing in Bank denied.