[Crim. No. 1087. Department One.—July 29, 1904.]

# THE PEOPLE, Respondent, v. JAN JOHN, Appellant.

CRIMINAL LAW—PERJURY—FALSE CHARGE OF LARCENY—MISNOMER OF PARTY CHARGED—INTENTION OF DEFENDANT.—Upon a charge of perjury committed in falsely testifying that a person arrested was guilty of larceny, under a complaint misnaming the person arrested, the effect of the complaint is to be determined by the intention of the party making it, as disclosed by its language and competent explanatory circumstances; and where the intention of the defendant was clear, the misnomer of the party referred to, or other misuse of words, is immaterial.

ID.—RULE AS TO PRELIMINARY PROOF—ADMISSIONS OF DEFENDANT.—The rule requiring preliminary proof of the voluntary character of direct confessions of guilt has no application to testimony as to other admissions of the defendant, though such admissions, taken in connection with other proofs, may tend to prove him guilty.

ID.—TESTIMONY OF STENOGRAPHER AND INTERPRETER—IMPROPER OFFER OF DEFENDANT.—Where the stenographer testified to the statement of the defendant as to the identity of the person arrested with the party charged, and afterwards an interpreter was called in and the examination continued through him, a proposal of the defendant to examine the interpreter as to what was said by the defendant through the interpreter was properly rejected as inadmissible.

ID. — EVIDENCE — IDENTITY OF PERSON — TESTIMONY — CONVERSATIONS WITH DEFENDANT.—Evidence was admissible to prove the identity of the person arrested with the person charged with larceny, and that defendant in his testimony at the preliminary examination identified such person, and to prove various conversations with the defendant in which he made material admissions.

ID.—PROOF OF FALSITY OF CHARGE—SUFFICIENCY OF EVIDENCE TO SUSTAIN VERDICT.—The evidence thus admitted, coupled with proofs of several witnesses showing the falsity of the charge and that the person arrested was not and could not have been guilty of the crime charged, was sufficient to sustain the verdict and to comply with the requirements of section 1968 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Santa Clara County and from orders denying motions for new trial and in arrest of judgment. W. G. Lorigan, Judge.

The facts are stated in the opinion.

Louis P. Boardman, George F. Carroll, and G. A. Whitehurst, for Appellant.

U. S. Webb, Attorney-General, George A. Sturtevant, Deputy Attorney-General, and James H. Campbell, District Attorney, for Respondent.

SMITH, C.—The defendant was charged with the crime of perjury, and convicted.  The appeal is from the judgment and from orders denying motions for new trial and in arrest of judgment.  The crime is alleged to have been committed by the defendant in making and verifying an affidavit or complaint before a justice of the peace charging one Lai Ha with larceny alleged to have been committed on or about December 10, 1900, in the county of Santa Clara.  It appears from the evidence of several witnesses that under the warrant issued on this complaint a woman named Yet Gum, or Gam, living in Stockton, was arrested, and on being brought for examination before the justice of the peace was identified by the defendant as the party charged; and there was evidence, not only that she did not commit the larceny charged, but that she was, at the date alleged, at her residence in Stockton, where she was confined by illness.  There was evidence on the part of defendant that there was a woman of the name of Lai Ha, and that she was in San Jose on January 10, 1900, but there was no proof connecting her with the charge, or that the defendant knew of her.  The points urged by the appellant are: That the evidence as to the identity of Yet Gum with the person charged in the complaint was inadmissible; that evidence of the defendant's statement at her preliminary examination as to her identity was erroneously admitted; that the court erred in sustaining the objections of the prosecution to the offer of the defendant to prove, by the stenographer employed at the examination of Yet Gum, the testimony given by the defendant through an interpreter; and in admitting the testimony of the witness Rosenthal as to a conversation with defendant; and the testimony of the witness Walker as to another conversation with him; and that the evidence was insufficient to sustain the verdict.

The first and last points may be considered together.  The evidence of the identity of Yet Gum as the person charged in the complaint was ample, if admissible, to prove that she was the person the defendant intended to charge, and in fact did charge, with the crime alleged; and as to the question of admissibility, that, we think, must be answered in the affirmative.

The effect of the complaint is to be determined by the intention of the party making it, as disclosed by its language and competent explanatory circumstances; and the intention being clear, the misnomer of the party referred to, or other misuse of words, is immaterial. This evidence, coupled with the proofs that Yet Gum was not and could not have been guilty of the crime charged, was sufficient, with other evidence in the case, to sustain the verdict. And as there were several witnesses to the facts establishing the falsity of the charge, the requirements of section 1968 of the Code of Civil Procedure were complied with.

The second point, more specifically stated, is, that the statements of the defendant, made in his testimony at the preliminary examination of Yet Gum, were inadmissible without preliminary evidence that they were voluntary. But this rule applies only to confessions of guilt, and does not forbid proof of other admissions of the defendant, though these, taken in connection with other proofs, may tend to prove him guilty. (*People* v. *Ammerman*, 118 Cal. 32, and cases cited.)

With regard to the third point, it appears that the stenographer at the examination of Yet Gum testified to the statement of the defendant as to the identity of Yet Gum with the party charged; and that afterwards an interpreter was called in and the examination continued through him. It is claimed that thereupon the defendant proposed to examine the witness as to what was said by the defendant through the interpreter, but was not permitted to do so; which is the error complained of. Assuming this to be as claimed, the ruling was proper, for it was held on the former appeal in this case that such evidence was inadmissible. (*People* v. *Craven-Fair*, 137 Cal. 222.)

As to the remaining points, the testimony of the witnesses Rosenthal and Walker was, we think, admissible.

We advise that the judgment and orders appealed from be affirmed.

Gray, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion, the judgment and orders appealed from are affirmed.

Van Dyke, J., Shaw, J., Angellotti, J.