[Crim. No. 1468. Second Appellate District, Division One.—October 14, 1927.]

THE PEOPLE, Respondent, v. HAMIT KHAN, Appellant.

Ugene U. Blalock for Appellant.

U. S. Webb, Attorney-General, and Lionel B. Browne for Respondent.

HOUSER, J.—This appeal is prosecuted from a judgment of conviction of defendant for the commission of the "infamous crime against nature." The victim of the assault was a boy of the age of fourteen years, whose testimony with reference to the commission of the offense was to the effect that on several separate occasions, in the night-time, and in sleeping quarters provided by defendant, wherein the prosecuting witness, another boy, and defendant were all occupying one bed, defendant had been guilty of the crime of which he was accused in the information presented against him.

Appellant attacks the judgment on the sole grounds that the prosecuting witness was an accomplice of defendant; that under the provisions of section 1111 of the Penal Code "a conviction cannot be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense"; and that the record of the trial herein fails to disclose a sufficient corroboration of the testimony of the accomplice. But while considering the particular circum-

stances surrounding the commission of the offense, as disclosed by the testimony of the prosecuting witness, together with judicial construction of the statute, as shown by cases decided by the supreme and appellate courts of this state, a correct determination of the question of whether the prosecuting witness was an accomplice of the defendant possibly may be in accordance with the conclusions reached by appellant thereon—in view of the corroborative evidence adduced on behalf of the prosecution, which tended to connect defendant with the commission of the offense, it becomes unnecessary to rule directly upon the contention made by appellant to the effect that defendant and the prosecuting witness were accomplices.

As hereinbefore indicated, the prosecuting witness testified that the criminal act of the defendant took place at night on an occasion when defendant, the prosecuting witness, and another boy were occupying a certain bed belonging to defendant; also that in the perpetration of the offense defendant made use of some vaseline which he kept in a can or bottle under his pillow on the bed, and that such receptacle had a screw-top lid or cover. The boy who occupied the bed with defendant and the prosecuting witness testified that he slept on one side of the bed, the prosecuting witness on the other side, and defendant occupied the middle portion thereof; that at about the time charged in the information he heard defendant take the lid or top off the vaseline bottle, which he kept under his pillow, and thereafter for "about three minutes or maybe longer" he could feel the bed shake. Another witness, who was the arresting officer, testified that he found a bottle of vaseline under the pillow of a bed in the home of defendant. Each of two physicians testified in substance that from a physical examination made by him of the prosecuting witness it appeared that the lower portion of his rectum had been dilated or enlarged from its normal size, and that the mucus membrane lining thereof, which in a normal state is made up of folds, was quite smooth. Each of the same doctors also testified that basing his testimony on his physical examination of defendant it would have been possible for defendant to commit the act of which he was accused. The father of the prosecuting witness testified that no operation had ever been performed on the rectum of the boy, nor had he ever taken a rectal treatment of any

kind. It also appeared from the evidence that at the time the offense was committed the prosecuting witness was in the employ of defendant, and that theretofore, although defendant and the prosecuting witness were unrelated to each other, defendant had shown the prosecuting witness unusual courtesies and attentions in various ways.

In the case of *People* v. *Kelly*, 59 Cal. App. 558, 570 [231 Pac. 767], the rule relating to the sufficiency of corroborative evidence to sustain a conviction based primarily upon the testimony of an accomplice is discussed and the authorities cited. As to such evidence, among other things, it is there pointed out, as theretofore decided by the courts of this state, that it is unnecessary that such incriminating evidence, standing alone, be corroborative of each and every fact testified to by the accomplice, but that the statutory requirement simply is that it tend to connect the defendant with the commission of the offense; that it need not be absolutely convincing, but, to the contrary, it may be slight and of itself entitled to but little weight or consideration. Measured by such standards, it is manifest that even assuming that the prosecuting witness was an accomplice of defendant, the other evidence in the case, to which brief reference has been had herein, was sufficiently corroborative of the testimony of the prosecuting witness to meet the demands of the statute.

It is ordered that the judgment be and it is affirmed.

Conrey, P. J., and York, J., concurred.