638

THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
ELÍAS G. LOPÉS ET AL., Defendants and Appellants.

No. 15010.  Argued June 1, 1951.—Decided June 25, 1951.

*José M. Valentín Esteves* for appellants. *Víctor Gutiérrez
Franqui, Attorney General,* and *J. Rivera Barreras, Fiscal of
the Supreme Court,* for appellee.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of
the Court.

The question for decision in this appeal is whether the
facts alleged in the information are sufficient to charge de-
fendants, appellants herein, with the crime of embezzlement
of which they were convicted and sentenced to serve an in-
determinate sentence of two to five years in the peniten-
tiary, each, at hard labor.

The allegations of the information—insofar as material
to the question raised—are to the effect that defendants
Elías G. Lopés and Arístides Lube Sierra "got together and
in common agreement with Edgardo Luis Colón, aided and

abetted the latter, who was a teller of the banking institution named Banco de Ponce, San Juan, P. R. Branch, having its main office in the City of Ponce, to which position he had been duly appointed and who had authority to receive money from the hands of the different persons who made their deposits in the said Bank, it being his duty to deliver it and render an account thereof to the above-mentioned banking corporation, to fraudulently take, as he did take, the sum of $27,300 belonging to the said banking corporation, Banco de Ponce, San Juan, P. R. Branch, appropriating said sum for his own benefit and for the benefit of defendants herein, using it without authority to do so, for purposes other than the legitimate discharge of his position and defrauding in such illegal manner, aided and abetted by the defendants in this case, the said banking institution, Banco de Ponce, San Juan, P. R. Branch, in the total sum of $27,300.

Appellants allege that the information is insufficient because it does not allege the existence of a fiduciary relation between them and the Banco de Ponce, San Juan Branch, which is an essential element to the offense of embezzlement, and that said offense may only be committed by the persons expressly named and under the circumstances established in § § 446 to 450 of the Penal Code.

In effect, the information did not allege the existence of a fiduciary relation between appellants herein and the Banco de Ponce. Nevertheless, it was explicitly alleged that the appellants, in common agreement, *aided* and *abetted* Edgardo Luis Colón, teller of said banking institution, to fraudulently take the sum of $27,300 belonging to same, which Colón did, appropriating said sum for himself and in behalf of appellants herein, alleging also that Colón had, as teller, authority to receive money belonging to different persons who made deposits in said Bank, as well as the duty to deliver and render accounts of said money.

According to § 36 of the Penal Code [1] appellants herein are the principals or authors of the offense of embezzlement, because they aided and abetted Colón to commit it. The fact that the fiduciary relation is an essential element of the offense of embezzlement, does not render inapplicable thereto the provisions of said § 36 nor of its *correlative*, § 93 of the Code of Criminal Procedure. [2] See the following California cases: *People* v. *Colton*, 207 P. 2d 890; *People* v. *Zimmer*, 73 P. 2d 923; *People* v. *Fronk*, 255 P. 777; *People* v. *Kelly*, 231 P. 767. Such is the rule also in other jurisdictions. See Annotation in 74 A.L.R. 1110, 1111, with regard to the offense of embezzlement.

Consequently, we hold that the lower court did not err in overruling the peremptory demurrer to the information filed by appellants herein, nor in dismissing the peremptory demurrer to the evidence, after the defendants and the prosecuting attorney stipulated at the trial by the court that if the evidence for the prosecution were introduced, it would support the allegations of the information.

Judgment will be affirmed.

---

[1] Said Section provides:

"All persons concerned in the commission of a crime whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid or abet in its commission, or, not being present, have advised and encouraged its commission, and all persons counseling, advising, or encouraging children under the age of fourteen years, lunatics or idiots, to commit any crime, or who, by fraud, contrivance, or force, occasion the drunkenness of another for the purpose of causing him to commit any crime, are principals in any crime so committed."

[2] Said Section provides:

"All persons concerned in the commission of a felony, whether they directly commit the act constituting the offense or aid in abetting its commission, though not present, shall be prosecuted, tried, and punished as principal, and no other fact need be alleged in the information against them other than is required in the information against the principal."