EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ELÍAS G. LOPÉS y ARÍSTIDES LUBE SIERRA, acusados y apelantes.

Núm. 15010.—*Sometido:* Junio 1, 1951. *Resuelto:* Junio 25, 1951.

*José M. Valentín Esteves,* abogado de los apelantes; *Hon. Procurador General Víctor Gutiérrez Franqui* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Negrón Fernández emitió la opinión del tribunal.

La cuestión a resolver en el presente recurso es la de si los hechos alegados en la acusación son suficientes para imputar a los acusados, aquí apelantes, el delito de abuso de confianza por el cual fueron convictos y sentenciados a sufrir una pena indeterminada de dos a cinco años de presidio cada uno con trabajos forzados.

Las alegaciones de la acusación—en lo pertinente a la cuestión planteada—son al efecto de que los acusados Elías G. Lopés y Arístides Lube Sierra "se combinaron y de común acuerdo con Edgardo Luis Colón, aconsejaron e incitaron a éste, quien era Receptor-Pagador (*teller*) de la institución bancaria denominada Banco de Ponce, Sucursal de San Juan, Puerto Rico, con oficina principal en la Ciudad de Ponce, cargo para el cual había sido debidamente nombrado y con facultades para recibir dinero de manos de las distintas personas que hacían depósitos en el referido Banco, con la obligación de entregarlo y rendir cuentas del mismo a la susodicha corporación bancaria, para que sustrajera fraudulentamente como sustrajo la suma de $27,300, pertenecientes a la mencionada corporación bancaria, Banco de Ponce, Sucursal de San Juan, Puerto Rico, apropiándosela en su beneficio y en el de los aquí acusados, destinándola sin autoriza-

ción para ello a fines ajenos al legítimo desempeño de su cargo y defraudando de este modo ilegal por el consejo e incitación de los acusados en este caso, a la citada institución bancaria Banco de Ponce, Sucursal de San Juan, P. R., en el montante total de la ameritada suma de $27,300."

Sostienen los apelantes que la acusación es insuficiente porque no alega relación fiduciaria alguna entre ellos y el Banco de Ponce, Sucursal de San Juan, elemento éste que es esencial para que pueda existir el delito de abuso de confianza, y que éste sólo puede ser cometido por las personas que expresamente se designan y bajo las circunstancias que se establecen en los artículos 446 al 450 del Código Penal.

En efecto, la acusación no alegó relación fiduciaria de clase alguna entre los aquí apelantes y el Banco de Ponce. Sin embargo, se alegó explícitamente que ellos, puestos de acuerdo, *aconsejaron* e *incitaron* a Edgardo Luis Colón, receptor-pagador de dicha institución bancaria, para que sustrajera fraudulentamente la suma de $27,300 pertenecientes a la misma, lo cual hizo Colón, apropiándose de dicha suma en su beneficio y en el de los aquí apelantes, alegándose además que Colón tenía, como tal receptor-pagador, facultades para recibir dinero proveniente de las distintas personas que hacían depósitos en dicho Banco, así como la obligación de entregar y rendir cuentas de tal dinero.

De acuerdo con el artículo 36 del Código Penal,(¹) los aquí apelantes son principales o autores del delito de abuso de confianza, pues aconsejaron e incitaron su comisión por parte de Colón. El hecho de que la relación fiduciaria sea un elemento esencial del delito de abuso de confianza no hace

---

(¹) Dicho artículo dispone:

"Todas las personas complicadas en la comisión de un crimen, ya fuere '*felony*' o '*misdemeanor*', y que directamente cometieren el acto constitutivo del delito, o no hallándose presentes, hubieren aconsejado su comisión o incitado a ella; y todas las personas que aconsejaren o incitaren a menores de catorce años, lunáticos o idiotas, a cometer algún crimen; o que, por medio de fraude, artificio, o violencia, ocasionaren la embriaguez de otra persona, con el fin de hacerle cometer un crimen, son principales o autores en el crimen cometido."

inaplicable a ellos las disposiciones de dicho artículo 36 ni de su correlativo, el artículo 93 del Código de Enjuiciamiento Criminal.(²) Véanse los siguientes casos de California: *People* v. *Colton*, 207 P.2d 890; *People* v. *Zimmer*, 73 P.2d 923; *People* v. *Fronk*, 255 Pac. 777; *People* v. *Kelly*, 231 Pac. 767. Ésa es la regla también en otras jurisdicciones. Véase Monografía en 74 A.L.R. 1110, 1111 en lo que respecta al delito de abuso de confianza.

En consecuencia resolvemos que el tribunal inferior no incurrió en error al desestimar la excepción perentoria a la acusación, formulada por los aquí apelantes, ni tampoco al declarar sin lugar la excepción perentoria a la prueba, luego de estipular los acusados con el fiscal, durante el juicio celebrado por tribunal de derecho, que de desfilar la prueba de cargo la misma sostendría las alegaciones de la acusación.

*Procede confirmar la sentencia.*

---

(²) Dicho artículo, que transcribimos a continuación en inglés por provenir del Código Penal de California y no ser apropiada su traducción al español, dispone:

"All persons concerned in the commission of a felony, whether they directly commit the act constituting the offense or aid in abetting its commission, though not present, shall be prosecuted, tried, and punished as principal, and no other fact need be alleged in the information against them other than is required in the information against the principal."