[Crim. No. 957.   Third Appellate District.—March 5, 1927.]

## THE PEOPLE, Respondent, v. CARLSON PARKINSON et al., Appellants.

**[1]** CRIMINAL LAW—BURGLARY—IDENTIFICATION OF STOLEN PROPERTY—EVIDENCE—ACCOMPLICE—CORROBORATION.—Where one of two defendants charged with burglary, after conviction upon plea of guilty, testified on the trial of the other defendant that the latter remained in an auto while he entered a store and stole various articles therefrom, including shoes, socks, and overalls, but that he did not know whether his co-defendant took any of the articles, the fact that the co-defendant was wearing similar articles to those taken did not constitute sufficient corroborative evidence under section 1111 of the Penal Code, especially where the owner of the store was unable to identify said articles or to testify that they came from his store.

**[2]** ID.—STATEMENTS OF ACCOMPLICE—DEGREE OF CORROBORATION REQUIRED—EVIDENCE.—Section 1111 of the Penal Code, relating to

corroboration of the testimony of an accomplice, requires that there must be some testimony tending to connect the defendant with the commission of the offense before a conviction can be had upon the statements of an accomplice.

[3] ID.—INSUFFICIENT CORROBORATION — SUSPICIOUS CIRCUMSTANCES.— Suspicious circumstances are not sufficient corroborative testimony, under section 1111 of the Penal Code, to connect defendant with the commission of the offense charged.

[4] ID. — UNSUPPORTED TESTIMONY OF ACCOMPLICE — ERRONEOUS INSTRUCTION.—An instruction that while the testimony of an accomplice alone is not sufficient to convict, such testimony "plus slight additional evidence" from other sources might, be sufficient is erroneous in that it does not require that the corroborative testimony must tend to connect the defendant with the commission of the offense.

[5] ID. — ACCOMPLICE — UNDISPUTED FACTS — INSTRUCTIONS. — In a prosecution for burglary, where the facts set forth in the testimony of a witness showing that he was an accomplice are undisputed, it is error for the trial court to refuse to instruct the jury that the witness was an accomplice.

---

(1) 16 C. J., p. 713, n. 31.   (2) 16 C. J., p. 701, n. 25.   (3) 16 C. J., p. 712, n. 26.   (4) 16 C. J., p. 1001, n. 3.   (5) 16 C. J., p. 703, n. 29, p. 928, n. 78.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. Charles O. Busick, Judge. Reversed.

The facts are stated in the opinion of the court.

Arthur J. McCurdy and J. S. Daly for Appellants.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—On the eighth day of September, 1926, an information was filed in the superior court of the county of Sacramento, charging the above-named defendants with having on the twenty-second day of July, A. D. 1926, in the county of Sacramento, burglarized a certain store owned by one J. E. Holst, situate in the town of Fair Oaks, in said county.

Upon arraignment the defendant Oscar Anderson pleaded guilty. The defendant Carlson Parkinson pleaded "not

guilty," was tried and convicted, and prosecutes this appeal from the judgment of conviction and the order of the court denying his motion for a new trial.

Two questions are presented for our consideration: (1) That the testimony of the accomplice upon which the defendant was convicted was uncorroborated, as required by section 1111 of the Penal Code, and (2) that the court erred in its instructions to the jury.

The defendant Anderson, after pleading guilty and being sentenced to the state prison, went upon the witness-stand and testified to the circumstances constituting the alleged burglary. His testimony is to the effect that he and the defendant Parkinson went to the store belonging to the said Holst in an automobile; that Parkinson remained in the automobile while he, Anderson, proceeded to enter the store and took therefrom certain shoes, socks, overalls, shirts, a few knives, cheap watches, and two flashlights, that he brought the things out of the building and put them in the automobile; that he and Parkinson then returned to Sacramento; that he did not know whether Parkinson took any of the articles mentioned. A pair of socks, a pair of overalls, and a pair of shoes taken from the person of the defendant were then exhibited to the witness Anderson and the witness then testified that the socks were somewhat similar to the ones that he took from the Holst store at Fair Oaks; also that the overalls and shoes were similar. It does not appear from the testimony that any of the other articles mentioned by the witness Anderson were exhibited to the witness, nor does the testimony show what disposition thereof was made by the witness Anderson or any other person.

J. E. Holst, the owner of the store, was sworn and examined and testified that his store was burglarized about the time mentioned in the information; that certain articles were taken therefrom; that the socks, shoes, and overalls found upon the person of the defendant were similar to such articles carried by him in his store; that similar shoes and socks were taken from his store on the night in question; that while he carried similar overalls he could not swear that any overalls were taken from his store.

There is no other testimony in the transcript relating to the offense charged, or in anywise tending to implicate the

defendant Parkinson in the commission thereof. It may be here stated that a witness by the name of Charles Jason, who was sworn and examined on the part of the defense, stated that he was employed during the months of May, June, July, and August of 1926 at the Arcade Clothing Company's store in the city of Sacramento; that said store carried clothing and furnishing goods for men, and that said store carried the same kind of socks, shoes, and overalls that were found upon the person of the defendant, and that during said period of time he sold to the defendant similar socks, shoes, and overalls.

[1] This testimony, however, cannot be considered in the determination of this cause further than to say that the testimony adduced by the prosecution to corroborate the testimony of the accomplice, Oscar Anderson, does not rise to the requirement of section 1111 of the Penal Code. That section reads: "A conviction cannot be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

The testimony of the witness Holst relied upon by the prosecution as corroborative shows only the fact that his store was entered and similar wearing apparel taken therefrom. He was unable to identify the articles or to testify that they came from his store. The testimony that one is wearing similar articles, such as socks, shoes, and overalls, in view of the fact that such articles are made in large quantities, identical in kind and character, demonstrates by the very statement that no corroboration whatever exists in this case. It is not a question of whether the appellant is or is not guilty of the offense charged, or whether the witness Anderson, who pleaded guilty to the offense, did or did not tell the absolute truth. [2] The section of the Penal Code to which we have referred requires that there must be some testimony tending to connect the defendant with the commission of the offense before a conviction can be had upon the statements of an accomplice. The so-called corroborative testimony in this case scarcely rises to the dignity of a suspicious circumstance, but assuming that it does, the requirements of section 1111 of the Penal Code

are not thereby met. **[3]** The cases are legion that suspicious circumstances are not sufficient to constitute corroborative testimony tending to connect the defendant with the commission of the offense charged. We have only to refer to the citations contained in Kerr's Cyclopedic Codes of California, appended to section 1111 of the Penal Code.

**[4]** As the case must go back for a retrial, it is necessary to consider the objections to an instruction given by the court, and also to a certain instruction requested by the defendant and refused. At the request · of the People the court gave the following instruction: "You are instructed that while the testimony of an accomplice alone is not sufficient to convict the defendant, you are instructed that the testimony of an accomplice plus slight additional evidence from other sources may be sufficient to convict him." In support of this instruction the case of *People* v. *Kelley*, 69 Cal. App. 558 [231 Pac. 767], is cited. An examination of the authorities cited in that case, however, discloses the fact that no such instruction has been approved. The court in that case follows the provisions of section 1111 of the Penal Code as to the requirements of the corroborative testimony, showing it must tend to connect the defendant with the commission of the offense, and in the course of considering this question it cites other opinions in other cases, where language is used to the effect that such testimony standing alone may not, in itself, be of any great weight, but, nevertheless, that standing alone, unaided by the testimony of the accomplice, it must tend to connect the defendant with the commission of the offense. The instruction as given does not require that the corroborative testimony must tend to connect the defendant with the commission of the offense, but simply that the testimony of the accomplice "plus slight additional evidence from other sources may be sufficient to convict him." While language of this kind might properly appear in the opinion of a court in discussing corroborative testimony, it is not a correct statement of the law to be given to the jury in the form of an instruction, as it omits the essential requirements of the Penal Code governing such testimony.

Upon this appeal it is urged that as the court gave an instruction in the exact language of section 1111 of the Penal Code, no injury resulted from the giving of the

instruction which we have cited. From the fact that the cause must go back for retrial for the reasons which we have hereinbefore stated, the consideration of whether such erroneous instruction is cured by the giving of a correct instruction becomes immaterial further than to state that the instruction which we have set forth herein is erroneous and should not be given. The defendant requested and the court refused to give the following instruction: "You are instructed that the witness, Oscar Anderson, is an accomplice as to the crime charged against the defendant Parkinson, and you cannot convict the defendant upon the testimony of the accomplice, Oscar Anderson, unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

[5] It appears from the record that in the refusal to give this instruction the court relied upon the case of *People* v. *Allison,* 51 Cal. App. Dec. 105 [249 Pac. 881], where this court, in discussing the question of whether a certain person was or was not an accomplice, stated, in substance, that where the facts are in dispute as to whether a certain witness is or is not an accomplice, then and in that case the determination of the facts are for the jury; but where the facts are admitted or undisputed it is a question of law alone. The case of *People* v. *Allison, supra,* was before the supreme court (see *People* v. *Allison,* 200 Cal. 404 [253 Pac. 318]), and the court there uses the following language, taken from opinions previously decided by the same court: "Whenever the facts themselves are in dispute, that is to say, whenever the question is whether the witness did or did not do certain things, which, admittedly, if he did do them, make him an accomplice, the jury's finding, upon familiar principles, is not disturbed. But where the facts are not in dispute, where the acts and conduct of the witness are admitted, it becomes a question of law for the court to say whether or not those acts and facts make the witness an accomplice." In the case at bar the fact as to Anderson being an accomplice is undisputed and the facts set forth in his testimony showing that he is an accomplice are undisputed. There was nothing left for the jury to decide upon

this question, and the instruction refused by the court should have been given.

The judgment and order of the trial court are reversed and the cause remanded for a new trial.

Hart, J., and Finch, P. J., concurred.