[Crim. No. 1571. Third Appellate District.—September 27, 1937.]

THE PEOPLE, Respondent, v. CLIFFORD NIELSON, Appellant.

George E. Foote for Appellant.

U. S. Webb, Attorney-General, and Wilmer W. Morse, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The plaintiff was tried jointly with three of the defendants, to wit: Clifford Hutchinson, W. H. Hutch-

inson and Reuben Smick, upon an information charging the violation of section 593 of the Penal Code, in that, on or about the 7th day of April, 1937, in the county of Sutter, said defendants did then and there unlawfully, maliciously and feloniously take down, remove and transfer a line erected and maintained by the Pacific Gas and Electric Company, etc. All of the defendants were convicted, and from the judgment of conviction, Clifford Nielson appeals.

Upon this appeal it is urged that no evidence was introduced sufficient to justify the verdict of the jury, or to justify the jury in coming to the conclusion that the defendant had knowledge of, participated in, or aided or abetted in the commission of the offense charged in the information. This contention appears to be well taken. There is absolutely no testimony in the record, other than extra-judicial statements made by other defendants, that the appellant was present, or had anything to do with the commission of the alleged offense. These statements were not allowed to be admitted in evidence against the defendant, as they were not made in his presence and in which he did not participate, save and except the testimony of one of the defendants, Reuben Smick, whose testimony falls under the ''Accomplice Rule'' set forth in section 1111 of the Penal Code, to wit: ''A conviction cannot be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.''

A number of witnesses were introduced, and our attention has been called to all of them by counsel for the People, but in no single instance did the testimony of any one of the witnesses for the prosecution, other than as stated hereafter, tend in anywise to connect the appellant with the commission of the offense. All of the witnesses testified that on the night of April 7, 1937, a number of men were in the neighborhood of where the wires belonging to the Pacific Gas and Electric Company had been cut down and rolled up in coils. None of the defendants, at the scene just referred to, were seen or identified by any of the officers. We need not detail the testimony of the officers, but a careful reading of the whole transcript shows that our summary is sufficient. Their testi-

mony went to the description of what they found, and of their own movements. The testimony as to the defendant Nielson is simply that on the next day he was arrested at the town of Lincoln; that his shoes were somewhat muddy and his pants legs somewhat moist.

A witness by the name of Covington testified that on the morning of the 7th day of April, 1937, he saw the defendant on a public highway about four miles west of the town of Lincoln; that he was walking in an easterly direction; that the clothing of the defendant looked badly bedraggled; that the defendant was with another young fellow whose clothing looked as though he had been lying in a coal car. ''I did not notice their clothing; they looked tired; the other man was of short build, stocky, and he wore a cap at the time, and had on clothing that I would say had been washed a good deal, just as blue clothing, when it is washed a good deal, will fade out; he was distinctly dirty as though he had been riding in a coal car.'' The transcript does not show that this witness identified the other man who was with the appellant, as one of the defendants in this case.

The testimony of the accomplice, Reuben Smick, shows the following: That the four defendants, on the 6th day of April, 1937, left for the scene where the electric wires were cut; that the four defendants and one Irene Haverty, rode in a Buick sedan; that when they reached the place where the wires were cut, the defendants Hutchinson and Nielson got out of the car; that Smick and Irene Haverty drove on about one mile, where they parked the car; that Smick went back to where the other defendants had gotten out of the car, and found them standing along the side of the road smoking; that he did not see anyone cut the wires; that pretty soon a car came along with a flashlight, and they all hid until the car had gone by, when they scattered; that he, with the appellant, went to the town of Lincoln, where they were arrested.

The testimony of Reuben Smick, under the provisions of section 1111 of the Penal Code, is of course not sufficient to uphold the conviction, and outside of his testimony there is not a scintilla of evidence connecting the appellant with the commission of the alleged offense. ■ The fact that he had muddy shoes and soiled trousers is not sufficient, and the fact

that he was in company the next day with a man described as "short, stocky", etc., by the witness Covington, does not support the verdict of the jury. Two of the defendants made statements which implicated themselves, and a third, so far as we are advised, has not appealed.

Citation of authorities seems unnecessary. However, we will refer to two cases, that of *People* v. *Parkinson*, 81 Cal. App. 618 [254 Pac. 612], and *People* v. *Haack*, 86 Cal. App. 390 [260 Pac. 913], where convictions were had upon the testimony of accomplices, uncorroborated, and in which, also, we may add, erroneous instructions in relation to their testimony was considered.

It would serve no useful purpose to extend the length of this opinion, for the simple reason that a reading of the entire transcript disclosed no testimony other than what we have referred to, and which utterly fails to connect the appellant with the commission of the offense, or to justify a jury in finding that the appellant was guilty as charged beyond a reasonable doubt.

The judgment is reversed.

Thompson, J., and Pullen, P. J., concurred.